IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENRIQUE "KIKI" VIGIL,
Individually and as the Elected Sheriff of
Dona Ana County, State of New Mexico,

      Plaintiff,

vs.                                                   Civ. No. 15-975 KG/SCY

BILLY GARRETT, Individually and as the
Chairman of the Board of County Commissioners,
Dona Ana County, State of New Mexico, and
WAYNE HANCOCK, Individually and as the
Vice-Chairman of the Board of County Commissioners,
Dona Ana County, State of New Mexico,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon (1) Defendants' Motion to Dismiss and supporting memorandum (collectively, Motion to Dismiss) brought under Fed. R. Civ. P. 12(b)(6) and filed on December 21, 2015; and (2) Plaintiff's Motion for Leave to Amend the Complaint (Motion to Amend), filed on January 6, 2016.  (Docs. 7, 8, and 13).  Both motions are now fully briefed.  (Docs. 12, 16, 18, and 19).  Having considered the Motion to Dismiss, the Motion to Amend, the Complaint for Violation of Civil Rights Under Color of State Law (Complaint) (Doc. 1), the proposed amended complaint, and the accompanying briefs, the Court grants the Motion to Dismiss and denies the Motion to Amend, thereby terminating this litigation.

*A.  Background*

  *1.  The Complaint*

Plaintiff, the elected sheriff of Dona Ana County, brings this First Amendment right to free speech lawsuit against Billy Garrett, chairman of the Dona Ana County Board of Commissioners, in his individual and official capacities, and against Wayne Hancock, vice-chairman of the Dona Ana County Board of Commissioners, also in his individual and official capacities.

Plaintiff alleges that he exercised his First Amendment right to free speech when he protested the allocation of money from a gross receipts tax at several county meetings and at a meeting with the county human resources staff.  (Doc. 1) at ¶¶ 25 and 26.  Plaintiff had expected that a portion of the gross receipts tax would help fund the sheriff's department. *See id.* at ¶ 23. Plaintiff also asserts that he exercised his First Amendment right to free speech when he objected to the "Fox Lawson" study which the county commissioned to study pay issues at the sheriff's department.  *Id.* at ¶ 30.  Next, Plaintiff alleges that he exercised his First Amendment right to free speech by participating in union pay negotiations and by criticizing the county's human resources department.  *Id.* at ¶¶ 31 and 32.  Plaintiff claims that Defendants Garrett and Hancock retaliated against him for exercising his First Amendment right to free speech by removing him from the dais at county commission meetings and by filing charges of unethical conduct against him under the county's code of conduct.  *Id.* at ¶¶ 33, 34, and 36.

Plaintiff brings four Counts.  In Count I, Plaintiff alleges a 42 U.S.C. § 1983 claim against Defendants Garrett and Hancock for retaliating against him for exercising his First Amendment right to free speech.  *Id.* at ¶ 45.  In Count II, Plaintiff seeks injunctive relief under Section 1983 due to the prior restraint of his First Amendment right to free speech.  In Count III,

Plaintiff seeks punitive damages against Defendants Garrett and Hancock in their individual capacities. *Id.* at ¶ 56. Finally, in Count IV, Plaintiff seeks a declaratory judgment under the New Mexico Declaratory Judgment Act.

Defendants Garrett and Hancock now move to dismiss the Complaint in its entirety.[1] Defendants Garrett and Hancock argue that (1) they are entitled to qualified immunity, in their individual capacities, on the First Amendment Section 1983 claims; (2) Plaintiff has failed to state a plausible Section 1983 official capacity cause of action; (3) Plaintiff has failed to state a plausible punitive damages cause of action; and (4) the Court should decline to exercise supplemental jurisdiction over the state declaratory judgment claim.

### 2. The Proposed Amended Complaint

In addition to the above claims against Defendants Garrett and Hancock, Plaintiff seeks to add as Defendants Julia Brown, the Dona Ana county manager, in her individual and official capacities; Nelson Goodin, the Dona Ana county attorney, in his individual and official capacities; and the New Mexico Association of Counties, an insurer. Plaintiff also seeks to bring new claims against Defendants Garrett and Hancock.

Plaintiff now alleges that Brown and Goodin also filed charges of unethical conduct against Plaintiff. (Doc. 13-1) at ¶ 42. Plaintiff further alleges that Defendant Garrett dismissed the ethics charges against Plaintiff but not after "denounce[ing] the Sheriff for misconduct" at a county commission meeting. *Id.* at ¶ 47.

---

[1] The Court notes that Defendants Garrett and Hancock attach to the Motion to Dismiss documents relevant to the ethics charges against Plaintiff. The Court does not rely on those documents in deciding either the Motion to Dismiss or the Motion to Amend. Hence, those documents do not convert the Motion to Dismiss to a motion for summary judgment. *See Utah Gospel Mission v. Salt Lake City Corp.,* 425 F.3d 1249, 1253 (10th Cir. 2005) ("Generally, a district court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are relied upon.").

In addition, Plaintiff asserts that after he temporarily assumed control over the county detention center in December 2015, Defendant Garrett, Defendant Hancock, Brown, and Goodin (collectively, individual Defendants) filed a motion for a temporary restraining order (TRO) against Plaintiff, which was set for a hearing in state court. *Id.* at ¶¶ 53, 55, and 62. According to Plaintiff, the New Mexico Association of Counties would not appoint counsel to represent him at the TRO hearing. *Id.* at ¶ 64. Moreover, Plaintiff contends that Goodin refused to respond to Plaintiff's request for counsel while Brown denied Plaintiff's request for counsel. *Id.* at ¶¶ 65 and 66. Plaintiff alleges that he subsequently obtained counsel, but Goodin "and possibly others used their influence to get the attorney's senior partner to declare a 'conflict of interest,' thus depriving Plaintiff of an attorney." *Id.* at ¶ 67.

Furthermore, Plaintiff alleges that at a December 2015 meeting in Sunland Park, New Mexico, Goodin told Plaintiff to cease speaking about why the sheriff's department was "short-handed" and forced Plaintiff "to resume his seat." *Id*. at ¶ 61.

Plaintiff proposes to bring the following Counts. In Count I, Plaintiff would bring a Section 1983 retaliation claim against the individual Defendants for exercising his First Amendment right to free speech. In Count II, Plaintiff would bring a Section 1983 retaliation claim against the individual Defendants for denying him access to the courts by depriving him of counsel at the TRO hearing. *Id.* at ¶ 89. In Count III, Plaintiff would bring a Section 1983 claim against the individual Defendants for violating Plaintiff's First Amendment right to free speech by filing charges against him under the code of conduct. *Id.* at ¶ 99. Plaintiff would also bring Counts IV, V, and VIII against the New Mexico Association of Counties for violating New Mexico insurance statutes. In Counts VI and VII, Plaintiff would bring New Mexico Declaratory Judgment Act claims against the New Mexico Association of Counties and against Defendants

Garrett and Hancock, respectively.  In Count IX, Plaintiff would seek Section 1983 injunctive

relief due to the prior restraint of Plaintiff's First Amendment right to free speech.  Finally, in

Count X, Plaintiff would seek punitive damages against the individual Defendants in their

individual capacities.  *Id.* at ¶ 142.

Defendants Garrett and Hancock oppose the Motion to Amend arguing that the proposed

amended complaint is futile because it would not survive a Rule 12(b)(6) motion to dismiss.

Similar to the Motion to Dismiss, Defendants Garrett and Hancock argue that (1) the individual

Defendants, in their individual capacities, are entitled to qualified immunity on the Section 1983

First Amendment and denial of court access claims; (2) Plaintiff failed to state a plausible

Section 1983 official capacity cause of action; (3) Plaintiff failed to state a plausible punitive

damages cause of action; and (4) the Court should decline to exercise supplemental jurisdiction

over the remaining state claims.

*B.  Discussion*

Plaintiff filed his Motion to Amend within 21 days after the service of the Motion to

Dismiss.  Consequently, under Fed. R. Civ. P. 15(a)(1)(B), Plaintiff may amend the Complaint as

a matter of course.  Although Plaintiff has the right to amend his Complaint as a matter of

course, the Court can, nonetheless, exercise its discretion to decide whether the proposed

amended complaint would be futile and should not be allowed.  *Guinn v. Cooper*, 19 F.3d 33

(10th Cir. 1994) (citing *Foman v. Davis,* 371 U.S. 178 (1962)).  The Court, in this instance,

chooses to exercise that discretion as a means of more effectively and efficiently addressing this

case.

A proposed amendment is futile if the complaint, as amended, would be subject to

dismissal for any reason, including that the amendment would not survive a dispositive motion

such as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir.1999). Because this futility standard is the same standard the Court would apply in deciding the Motion to Dismiss, and the Complaint is subsumed in the proposed amended complaint, the Court will, in the interests of justice and judicial economy, examine the entirety of the proposed amended complaint under Rule 12(b)(6) to decide both the Motion to Amend and the Motion to Dismiss.

      1. *Rule 12(b)(6) Standard*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To avoid a Rule 12(b)(6) dismissal based on the defense of qualified immunity, plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). A court "may decide 'which of the

two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case.'" *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015) (quoting *Pearson v. Callahan,* 555 U.S. 223, 236 (2009)).

  2.  *The Section 1983 Claims*

    a. *The Qualified Immunity Defense for the Individual Defendants in their Individual Capacities*

      (1)  *The First Amendment Claims:  Counts I, III, and IX of the Proposed Amended Complaint*

To decide whether the individual Defendants are entitled to qualified immunity on Plaintiff's First Amendment claims, the Court must determine whether Plaintiff, as an elected official who engaged in speech pursuant to his official duties as sheriff,[2] has alleged sufficient facts to plausibly show that the individual Defendants violated a clearly established First Amendment right to free speech.  In this case, the Court finds it more efficient to first analyze the "clearly established" prong of the qualified immunity test.

Ordinarily, "in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."  *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).  Here, neither the United States Supreme Court nor the Tenth Circuit has specifically addressed whether an elected official's speech made in the

---

[2] Both the Complaint and the proposed amended complaint contain allegations that Plaintiff engaged in the speech at issue in his capacity as sheriff.  *See, e.g.,* (Doc. 13-1) at ¶¶ 23, 26, 33, 38, 39, 40, 72, and 76.

course of the official's duties is entitled to First Amendment protection.[3]  The Third Circuit, however, recently addressed that issue.  *Werkheiser v. Pocono Twp.*, 780 F.3d 172, 177-83 (3d Cir.), *cert. denied sub nom. Werkheiser v. Pocono Twp., Penn.*, 136 S. Ct. 404 (2015).  After discussing and summarizing the caselaw addressing whether the First Amendment protects an elected official's speech made in the course of the official's duties, the Third Circuit concluded that the law is not clearly established.[4]  *Id.* at 177-81.  The Court finds that the reasoning in *Werkheiser* is persuasive and so, likewise, concludes that the law on whether an elected official's speech made in the course of the official's duties is not clearly established.  The individual Defendants would, therefore, be entitled to qualified immunity with respect to the new First Amendment claims, and Defendants Garrett and Hancock are, in fact, entitled to qualified immunity with respect to the current First Amendment claims.  Consequently, it would be futile to bring the new First Amendment claims against the individual Defendants, in their individual capacities, and the existing First Amendment claims against Defendants Garrett and Hancock, in their individual capacities, are subject to dismissal under Rule 12(b)(6).

> ### (2) The Denial of Access to the Courts Claim:  Count II of the Proposed Amended Complaint

To decide whether the individual Defendants are entitled to qualified immunity on Plaintiff's denial of court access claim, the Court must determine whether Plaintiff has alleged sufficient facts to plausibly show that the individual Defendants violated a clearly established

---

[3] Plaintiff cites *Worrell v. Henry* and *Lackey v. County of Bernalillo*, Tenth Circuit cases, in an attempt to meet the "clearly established" prong.  Those cases, however, are not instructive on the issue of whether the First Amendment protects an elected official's speech made in the course of that official's duties.  *Worrell*, 219 F.3d 1197 (10th Cir. 2000) (does not involve elected official's speech); *Lackey*, 1999 WL 2461 (10th Cir.) (same).

[4] The Third Circuit's discussion included *Rangra v. Brown*, a case Plaintiff cites in support of his argument that he engaged in protected speech.  *Werkheiser*, 80 F.3d at 180 (citing *Rangra v. Brown*, 566 F.3d 515 (5th Cir. 2009)).

right to an attorney in a civil proceeding.  As Defendants Garrett and Hancock correctly observe, it is well-established that a party to a civil proceeding does not have a constitutional right to legal counsel.  *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).  Accordingly, the individual Defendants have not violated a constitutional right to access the courts and would be entitled to qualified immunity with respect to a claim based on such a right.  It would, therefore, be futile to bring a denial of court access claim against the individual Defendants in their individual capacities.

> b. *The Section 1983 Official Capacity Claims Against the Individual Defendants: Counts I, II, III, and IX of the Proposed Amended Complaint*

Suing the individual Defendants in their official capacities "is essentially another way of pleading an action against the county … they represent."  *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).  If there is no underlying constitutional violation by a county official, the county cannot be held liable under Section 1983.  *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).  Because the Court has determined that Plaintiff's constitutional claims are either futile or subject to dismissal, no plausible underlying constitutional violation exists to support a municipal liability claim.

Even if Plaintiff alleged a plausible constitutional cause of action, a Section 1983 municipal liability claim can exist only if Plaintiff alleges plausible facts which show "the existence of a municipal policy or custom" and "a direct causal link between the policy or custom and the injury alleged."  *Id.*  In this case, Plaintiff has not alleged any facts to demonstrate the existence of a municipal policy or custom which is directly linked to an alleged injury.  Hence, it would be futile to bring the new Section 1983 official capacity claims against the individual Defendants, and the present official capacity claims against Defendants Garrett and Hancock are subject to dismissal under Rule 12(b)(6).

   *3. The Claim for Punitive Damages Against The Individual Defendants in their
   Individual Capacities:  Count X of the Proposed Amended Complaint*

   "Punitive damages, as their name indicates, are a form of relief, not an independent

claim." *Muffoletto v. Christus St. Vincent Reg'l Med. Ctr.*, 2015 WL 9943427, at *4 (D.N.M.)

(citing *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1554 (10th Cir.1991) ("A punitive damage claim is

not an independent cause of action or issue separate from the balance of a plaintiff's case.  It is

part and parcel of a liability determination."); *Howell Petroleum Corp. v. Leben Oil Corp.,* 976

F.2d 614, 622 (10th Cir.1992) ("A request for damages, however, does not constitute a cause of

action; rather damages are a remedy for a legal wrong.")).  Thus, the new punitive damages

cause of action would be subject to dismissal for failure to state a cause of action.  Consequently,

it would be futile to bring a new punitive damages claim as a separate cause of action and, for the

same reason, the current punitive damages cause of action is subject to a Rule 12(b)(6) dismissal.

   *4. The State Claims Against Defendant Garret, Defendant Hancock, and the New Mexico
   Association of Counties:  Counts IV, V, VI, VII, and VIII of the Proposed Amended
   Complaint*

   Having determined that it would be futile to bring the new federal claims and that the

current federal claims are subject to dismissal, Plaintiff is left only with the state claims in his

proposed amended complaint and the Complaint.  Under 28 U.S.C. § 1367(c)(3), a district court

has the discretion to decline to exercise supplemental jurisdiction over state claims if "the district

court has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has

"generally held that if federal claims are dismissed before trial, leaving only issues of state law,

the federal court should decline the exercise of [supplemental] jurisdiction. . . ." *Brooks v.

Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010).  "Notions of comity and federalism demand that

a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v.

Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, the interests of judicial economy, convenience, fairness, and comity would not be served by retaining supplemental jurisdiction over the state claims. *Id.* Taking into consideration those factors, and following Tenth Circuit precedent, the Court would decline to exercise supplemental jurisdiction over the new state claims. Bringing those state claims would, therefore, be futile. Moreover, for the same reasons, the Court declines to exercise supplemental jurisdiction over the current state claim against Defendants Garrett and Hancock, i.e., Count IV of the Complaint, the New Mexico Declaratory Judgment Act claim.

*5. Conclusion*

For all of the above reasons, the Court denies the Motion to Amend on the basis of futility. Furthermore, the Court grants the Motion to Dismiss and will dismiss Counts I, II, and III of the Complaint with prejudice, and dismiss Count IV of the Complaint without prejudice.

IT IS ORDERED that

1. Plaintiff's Motion for Leave to Amend the Complaint (Doc. 13) is denied;

2. Defendants' Motion to Dismiss (Doc.7) is granted;

3. Counts I, II, and III of the Complaint will be dismissed with prejudice; and

4. Count IV of the Complaint will be dismissed without prejudice.


UNITED STATES DISTRICT JUDGE

11